IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK BRADFORD,

    Plaintiff,

v.                                                                            No. CV 12-0419 RB/WPL

JOHN SUGGS, ET AL.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. By order entered on August 10, 2012, the Court reopened this case and ordered Plaintiff to make an initial partial payment toward the filing fee. The record indicates no payment or other response to the order. On the other hand, the Court notes that in Plaintiff's other case, No. CV 12-0772 JB/WDS, he has submitted documentation showing only nominal deposits in his inmate account. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's own records). The initial partial payment will be waived, and for reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human*

*Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff's state criminal prosecution was a case of mistaken identity. Plaintiff further alleges that his attorney and an assistant district attorney forced him to enter into a guilty plea agreement that resulted in conviction. He contends that Defendants' actions violated his rights under the First, Fifth, and Fourteenth Amendments. For relief, the complaint asks that Plaintiff be released from confinement and allowed to sue his attorney and the State.

Plaintiff's claims for release from custody must be brought in a habeas corpus proceeding. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("a prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus") (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)). "[W]here an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. . . . [s]uch claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing § 1983; *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Plaintiff's claim for release is not cognizable in this § 1983 action and will be dismissed without prejudice to his right to pursue relief under the habeas corpus statutes.

Plaintiff's claim for damages based on an allegedly involuntary guilty plea appears to call into question the constitutionality of the criminal conviction by which he is incarcerated. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted

2

defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. The complaint does not allege that Plaintiff's guilty plea or conviction has been set aside, *see id*. at 486-87, and thus his allegations of illegal plea and conviction fail to state a claim cognizable under § 1983, *see Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). Plaintiff's claim for damages will be dismissed without prejudice.

IT IS THEREFORE ORDERED that the previously ordered initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE